```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**JIMMY E. BOLING,**

    **Plaintiff,**

**v.**                          **Civil Action No. 2:06-01055**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

<u>**MEMORANDUM OPINION**</u>

Pending before the court are the parties' respective motions for judgment on the pleadings. (Doc. Nos. 12, 16.) By Standing Order entered on August 1, 2006, and filed in this case on December 19, 2006, this matter was referred to United States Magistrate Judge Mary E. Stanley. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge Stanley to submit proposed findings and recommendation concerning the disposition of this matter. On January 10, 2008, Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF & R"). (Doc. No. 17.) On January 28, 2008, plaintiff submitted timely objections to the PF & R, and the court has accordingly conducted a de novo review of the case.

**I.   Plaintiff's Objections**

Plaintiff has lodged the following five objections to Magistrate Stanley's PF & R:

    (1)    the Administrative Law Judge ("ALJ") erred in determining that the plaintiff's only severe impairments are diabetes and degenerative disc disease;

    (2)    the ALJ erred by finding that the plaintiff's back and mental impairments do not meet or equal the listings set forth in Appendix 1;

    (3)    the ALJ erred in determining that the plaintiff has a residual functional capacity for unskilled sedentary work;

    (4)    the ALJ erred in rejecting the plaintiff's statements concerning the intensity, duration, and limiting effects of his impairments; and

    (5)    the ALJ erred by not providing the vocational expert with a hypothetical question including all of the plaintiff's relevant impairments.

This court will discuss each of the plaintiff's objections in order.

## II.  Standard of Review

The court may neither undertake a de novo review of the Commissioner's decision nor reweigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that

the plaintiff failed to satisfy the Act's entitlement conditions. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial, Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance, Perales, 402 U.S. at 401. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

Additionally, it is worth noting that this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

**III. Analysis**

The ALJ uses a five-step process in evaluating disability claims. See 20 C.F.R. § 404.1520. Essentially, this process requires the ALJ to consider whether a claimant (1) is engaged in substantial gainful employment; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a

listed impairment; (4) possesses the residual functional capacity (RFC) to return to her past relevant work; and (5) if not, whether she can perform other work in light of her age, education, work experience, and residual functional capacity. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. Id.

**A. Severe Impairment Classifications**

When reviewing a disability claim further inquiry becomes unnecessary if it is determined that the claimant does not suffer from a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is considered "severe" when it "significantly limits an individual's physical or mental abilities to do basic work activities." Id. § 404.1520(c). The regulations define basic work activities to include walking, standing, sitting, lifting, pushing, pulling, reaching, and using judgment. Id. §§ 404.1521, 416.921. Conversely, "an impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984).

   **1.   Back Impairments**

   The plaintiff objects to the ALJ's severe impairment finding (degenerative disc disease and diabetes) on the basis that it does not contain a specific impairment finding as to each and every type of back disorder alleged.  (Doc. No. 18 at 2-8.)  The plaintiff cites no caselaw in support of this proposition.

   At step two of the sequential evaluation process, the ALJ determined that plaintiff's degenerative disc disease was a severe impairment, but did not make an express determination as to whether plaintiff's, "mild to moderate central canal stenosis," herniated and bulging discs, grade I posterior listhesis, and nerve root compression (all degenerative back disorders encompassed by that medical term), also constitute severe impairments.  (Doc. No. 9 at 21-23.)  As pointed out by the magistrate judge, "there is no doubt that plaintiff had a severe back impairment that reduced his residual functional capacity to sedentary work."  (Doc. No. 17 at 14.)

   This court finds that it is implicit in the ALJ's decision that the plaintiff's back impairments, in a cumulative sense, rise to such a level that they constitute a severe impairment.  Combining similar impairments when making a severity determination, is, however, proper under the regulations, and has caused the plaintiff no prejudice.  Id. § 404.1520(c).

Accordingly, this court rejects the plaintiff's objection, finding that the ALJ's decision is based on substantial evidence.

**2. Obesity**

The plaintiff objects to the ALJ's severe impairment finding (degenerative disc disease and diabetes) on the basis that it does not recognize plaintiff's obesity as a severe impairment. (Doc. No. 18 at 9.) The plaintiff's objection, however, merely restates the arguments presented to the magistrate judge, and does not address the grounds on which the magistrate judge recommended dismissal, i.e., the ALJ's residual functional capacity finding. (Doc. No. 17 at 16.) The plaintiff's objection is therefore irrelevant and unresponsive to the reasoning contained in the PF & R, and must be overruled on that ground, as it does not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47.

Accordingly, the court affirms the ALJ's finding that obesity does not significantly limit the plaintiff's ability to do basic work activities.

**3. Severe Mental Impairment**

The plaintiff objects to the ALJ's severe impairment finding (degenerative disc disease and diabetes) on the basis that it does not categorize plaintiff's mental impairment as severe. (Doc. No. 18 at 10-15.) To support his argument plaintiff relies

solely on the diagnosis of Sheila Emerson Kelly, M.A., who found that the plaintiff is mildly mentally retarded. (Id.)

The ALJ, however, rejected Ms. Kelly's diagnosis of mild mental retardation and determined that the plaintiff does not have a severe mental impairment. (Doc. No. 9 at 22-23.) Consistent with the regulations[1], the ALJ found that plaintiff has no restriction in activities of daily living, mild difficulties maintaining social function, mild difficulties in maintaining concentration, persistence, and pace, and no episodes of decompensation. (Id.) This formal rating determination was based on the following facts: (1) plaintiff can count change, balance a checkbook, handle a savings account, and drive a car; (2) plaintiff graduated from highschool and was not in special education classes; (3) plaintiff goes fishing once a week and runs errands for his sister; (4) plaintiff has a girlfriend, has no problem with personal care, and helps his grandson get ready

---

[1] When reviewing a claimant's alleged mental impairments, the ALJ must follow the "special techniques" set forth at Title 20 Code of Federal Regulations Section 404.1520a.  Under this procedure the ALJ evaluates "pertinent symptoms, signs, and laboratory findings" to determine whether the claimant has a "medically determinable mental impairment."  See id. § 404.1520a(b).  If it is determined that a claimant has a medically determinable mental impairment the ALJ must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s), and then rate the degree of the claimant's functional limitations in four broad areas: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation."  See id. at §§ 404.1520a(b), 404.1520a(c).

for school each morning; and (5) plaintiff is not taking any medication for a mental health condition, nor is plaintiff undergoing any type of treatment. (Id.)

Specifically, the plaintiff finds fault with the ALJ's decision because it is not based upon an expert mental health opinion. (Doc. No. 18 at 12-13 ("[The ALJ's] non-expert opinion in the face of Ms. Kelly's expert opinion does not qualify as substantial evidence of the claimant's intellectual abilities.").) The court finds the plaintiff's objection to be wholly without merit. The fact that a treating physician's conclusions do not have objective support can constitute legitimate basis for rejecting them. Shafer v. Barnhart, 120 Fed. Appx. 688, 695 (9th Cir. 2005). In the instant case, the plaintiff's day-to-day activities clearly demonstrate that he does not suffer from a severe mental impairment, and as a result, Ms. Kelly's diagnosis to the contrary was properly rejected.

Accordingly, the court finds that the ALJ's decision is based on substantial evidence and rejects the plaintiff's objection.

**B.   Impairment Listings**

    **1.   Impairment Listing 1.04 (Disorders of the Spine)**

The plaintiff avers that he does suffer from muscle weakness and motor loss, and therefore objects to the ALJ's finding that the plaintiff's back impairment does not meet or equal the

Impairment Listing found at Section 1.04 of Appendix 1.  (Doc. No. 18 at 16-17.)  The plaintiff relies almost exclusively on Dr. Chillag's post-treatment notation, which states that "after sitting up for 1½ to 2 hours the claimant would have to lie down."[2]  (Id.)  As discussed in further detail below, the court finds that Dr. Chillag's post-treatment notation is not well supported, inconsistent with the properly considered opinion of Dr. Beard, and at odds with the fact that the plaintiff received only minimal and conservative medical treatment for his back impairment.

The ALJ held that the plaintiff's back disorder does not meet or equal the Appendix 1.04 listing, which requires a showing of "nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."  (Doc. No. 9 at 23-24.)  Particularly, the AlJ noted that the plaintiff "does not have lumbar spinal stenosis resulting in pseudocladication, established by findings

---

[2] The court recognizes the contrary nature of Dr. Chillag's initial diagnosis "that plaintiff could only be capable of light work . . . , could not stand for more than two or three hours out of an eight-hour work day . . . , and "would have to be in a sitting position . . . for most of the work."  (Doc. No. 9 at 26.)

or appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in ability to ambulate effectively." (Id.)

The magistrate judge affirmed the ALJ's decision, reasoning that the evidence of record does not indicate that plaintiff had neuro-anatomic distribution of pain, limitation of motion of the spine, and motor loss accompanied by sensory or reflex loss. (Doc. No. 17 at 21-22.) Although Dr. Chillag found that the plaintiff's reflexes were absent and that straight leg raising was possible to 70 degrees on the right and 60 degrees on the left, Dr. Chillag's post-treatment notation is untenable. Dr. Beard found that the plaintiff exhibited no weakness on manual muscle testing, i.e., plaintiff's deep tendon reflexes were 1+ in the biceps, triceps and patella and trace achilles, and that plaintiff could heel walk, toe walk, tandem walk, and squat. (Doc. No. 9 at 25-26.) Moreover, Dr. Beard observed that plaintiff (1) was able to arise from a seat and step up and down from the examination table without difficulty, (2) could stand on either leg alone, (3) had only mild tenderness, and (4) had no spasms. (Id. at 25.)

Accordingly, the court finds that the ALJ's determination is based on substantial evidence, and rejects the plaintiff's objections to the contrary.

### 2. Impairment Listing 12.05 (Mental Impairment)

The plaintiff objects to the ALJ's finding that the plaintiff's mental impairment does not meet or equal the Impairment Listing found at Appendix 12.05. (Doc. No. 18 at 17-19.)

At step two of the sequential evaluation process, the Commissioner must determine the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the Commissioner determines that the claimant does not have a severe medically determinable physical impairment the claimant is not disabled, and a determination of whether claimant's impairment meets or equals one of the impairment listings in Appendix 1 is unnecessary. Id. § 404.1520(c); see also Barnhart v. Thomas, 540 U.S. 20, 24 (2003) ("At step two, the SSA will find nondisability unless the claimant shows that he has a 'severe impairment,' defined as 'any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities.'"); Scruggs v. Schweiker, 559 F. Supp. 100, 104 (D.C. Tenn. 1982) (where Commissioner terminates further consideration of claim upon concluding that claimant does not have severe impairment, court will assume that, had sequential consideration continued, finder of fact would have found that impairments were neither listed nor prevented individual from returning to previous work).

In this case, the court has already affirmed the ALJ's finding that the plaintiff's mental impairment is not severe. Thus, the court need not determine whether plaintiff's mental impairment meets or equals the 12.05 listings. Plaintiff's objection is rejected.

**C.   Residual Functional Capacity**

The plaintiff objects to the ALJ's residual functional capacity finding, arguing that "due to plaintiff's back and lower extremity problems he cannot perform on a regular basis the sitting, walking, and standing required by sedentary positions," and that the plaintiff is further "limited by his intellectual ability, residuals of his diabetic neuropathy, and obesity." (Doc. No. 18 at 21.)

The ALJ characterized the plaintiff's residual functional capacity as being limited to sedentary work, reduced by an inability to climb ladders, ropes, scaffolds, and an ability to occasionally climb ramps and stairs, balance, stoop, kneel, and crawl, a need to avoid concentrated exposure to extreme cold, extreme heat and vibration and a need to avoid moderate exposure to hazards of machinery, balance and heights.  (Doc. No. 9 at 25-26.)  Based on that finding the ALJ determined that the plaintiff was unable to perform past relevant work experience such as painting and roofing because those activities required moderate to heavy exertion and were semi-skilled.  (Id. at 27.)

Nonetheless, after hearing from a vocational expert who testified that "an individual with the claimant's age, education, work experience, and residual functional capacity, would be able to perform. . . unskilled sedentary exertion," the ALJ determined that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, e.g., "packer/small merchandise, DOT 920.589-010 (48,800 jobs existing nationally and 3,040 jobs existing regionally), and dowel pin inspector, DOT #3669.687-014 (116,860 jobs existing nationally and 2,230 jobs existing regionally)." (Id. at 27.)

The plaintiff's only counter to the ALJ's conclusion is that the diagnoses of Dr. Chillag and Ms. Kelly lead to a different finding. Those diagnoses, however, have been properly disregarded. Accordingly, the court finds that the ALJ's determination is based on substantial evidence, and rejects plaintiff's objections to the contrary.

**D.   Pain and Credibility**

The plaintiff objects to the ALJ's finding that the plaintiff is not disabled by pain, arguing that "the ALJ did not make an assessment of the plaintiff's pain and non-exertional impairments/limitations" under the appropriate caselaw, and that "the ALJ's pain and credibility assessment was erroneous" in light of Dr. Chillag's and Ms. Kelly's diagnoses. (Doc. No. 18 at 22-24.)

As the Fourth Circuit Court of Appeals explained in <u>Craig</u>, "the determination of whether a person is disabled by pain or other symptoms is a two-step process." <u>Craig v. Chater</u>, 76 F.3d 585, 594 (4th Cir. 1996). First, the court must determine from objective medical evidence whether there exists a medical impairment "which could reasonably be expected to produce the pain or other symptoms alleged." <u>Id.</u> (<u>quoting</u> 20 C.F.R. §§ 416.929(b) & 404.1529(b)). Second, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." <u>Id.</u> at 595 (<u>citing</u> 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1)). In conducting this evaluation, the ALJ is to consider all available evidence, including the claimant's statements about his pain, his medical history, medical signs, laboratory findings, objective evidence of pain, as well as evidence tending to show the severity of the impairment. <u>Id.</u> at 595. The judge might consider, for example, evidence of reduced joint motion, muscle spasms, deteriorating tissues, and redness, as well as evidence relating to the claimant's activities and treatment taken to alleviate pain. <u>Id.</u>

In the instant case, the ALJ, acting under the first step of the <u>Craig</u> analysis, found that the plaintiff produced evidence of an impairment that could reasonably be expected to cause the alleged symptoms. (Doc. No. 9 at 24.) Acting under the second step of the <u>Craig</u> analysis, however, the ALJ found that the

Page -14-

plaintiff's statements concerning the intensity, duration, and limiting effects of his alleged symptoms are not credible. (Id. at 25.)  For example, the plaintiff alleges that his personality changed due to injuries he sustained in a June 1983 accident, but x-rays of the plaintiff's skull and spine performed at Charleston Area Medical Hospital on June 11, 1983, were negative.  The plaintiff alleges that he can only sit or stand for 30 minutes and that he can only walk two blocks, but as discussed above, Dr. Beard observed that the plaintiff (1) was able to arise from a seat and step up and down from the examination table without difficulty, (2) could stand on either leg alone, and (3) could heel walk, toe walk, tandem walk, and squat. (Id.)  Moreover, even Dr. Chillag found that the plaintiff could work standing up for three hours. (Id. at 26.)  Finally, the plaintiff stated that he has trouble sleeping because of leg and back pain, but the record indicates that the plaintiff has had no surgery, injections, physical therapy, or chiropractic care, and has never used a back brace, heating pad, or ice pack. (Id. at 25.)

Accordingly, this court finds that the ALJ's rejection of the plaintiff's credibility was based on substantial evidence, and therefore rejects the plaintiff's objection to the contrary.

**E.   Hypothetical Question**

The plaintiff objects to the vocational expert's determination that plaintiff is able to "perform substantial

Page -15-

gainful employment" because "the ALJ had the vocational witness assume that the claimant could perform the physical exertional requirements of sedentary work with certain limitations."  (Doc. No. 18 at 25.)  Again, the plaintiff relies upon the diagnoses of Dr. Chillag and Ms. Kelly which, for the reasons stated above, have already been rejected by this court.  The plaintiff's objection is therefore irrelevant and unresponsive to the reasoning contained in the PF & R, and must be overruled on that ground, as it does not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47.

**IV. Conclusion**

The plaintiff has failed to direct the court to any matters on which the conclusion of the Commissioner was not supported by substantial evidence.  Accordingly, for the reasons set forth above, plaintiff's objections to the magistrate judge's PF & R are hereby **OVERRULED**.  In an accompanying Judgment Order, the court adopts the factual and legal analysis contained within the Proposed Findings and Recommendation, denies plaintiff's motion for judgment on the pleadings (Doc. No. 12), grants defendant's motion for judgment on the pleadings (Doc. No. 16), affirms the final decision of the Commissioner, and dismisses this matter from the court's active docket.

The Clerk is directed to provide a copy of this Memorandum Opinion to all counsel of record.

It is **SO ORDERED** this 29th day of February, 2008.

                              ENTER:

                              David A. Faber
                              United States District Judge